IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRI MCGUIRE-MOLLICA

    Petitioner,

v.                                    Case No. 5:23cv38/MCR/MAL

BARRY WINGFIELD,
WARDEN F.C.I. MARIANNA[1]

    Respondent.
    _____/

## REPORT AND RECOMMENDATION

Petitioner Terri McGuire-Mollica initiated this case by filing a petition for writ of habeas corpus under § 2241. ECF No. 2. This case is before me on the Warden's Response in Opposition to § 2241 Petition Seeking Home Confinement and Petitioner's Response to Government's Opposition to Petitioner's Form 2241. ECF Nos. 11, 13. For the reasons discussed herein, the undersigned concludes the petition should be dismissed as moot. The petition is also subject to dismissal for failure to exhaust administrative remedies and for lack of jurisdiction.

---

[1] It is sufficient to generically identify the warden of the facility where Petitioner is currently incarcerated as the respondent in the instant petition. *See Hamric v. Warden, FCI Mendota*, Cases 1:20-00480-CG-N, 1:09-00250-CG-N, 2021 WL 2325333, at *1 n.1 (S.D. Ala. May 6, 2021). However, the Court has been advised that Warden Pistro, who was previously named as respondent has been replaced by Barry Wingfield. Pursuant to Fed.R.Civ.P. 25(d), Warden Wingfield is automatically substituted as a party in this action.

I. Procedural History

On August 9, 2016, McGuire-Mollica was sentenced in the U.S. District Court for the Northern District of Alabama to a total below-guidelines term of 204 months' imprisonment after pleading guilty to 25 counts of fraud-related criminal activity arising from her involvement in an eleven-million-dollar fraud scheme. *United States v. Mollica*, Case 2:14-cr-329-KOB, 2020 WL 1914956, at *1 (N.D. Al. Apr. 20, 2020) (denying motion for compassionate release); *United States v. Mollica*, Case 2:14-CR-329-KOB, 2020 WL 2811504 (N.D. Al. May 29, 2020) (denying motion for reconsideration). She is also serving a 28-month sentence, which was imposed after her guilty plea to one count of unlawful use of a communication facility to commit a felony, an offense she committed while on bond. *See United States v. Mollica*, 655 F. App'x 726, 727 (11th Cir. 2016) (unsuccessful appeal of sentence).

McGuire-Mollica is currently incarcerated at the Federal Correctional Institution in Marianna, Florida, with a projected release date of November 1, 2030. *See* https://www.bop.gov/inmateloc/. This date reflects the application of First Step Act Credits. ECF No. 11-2 at 2. McGuire-Mollica's sentencing court denied her motions for compassionate release in April and May of 2020. *Mollica*, 2020 WL 1914956; *Mollica*, 2020 WL 2811504.

McGuire-Mollica filed the instant petition for relief under 28 U.S.C. § 2241 in April of 2023. She argues the Bureau of Prisons (BOP) is in violation of the separation of powers doctrine by "adding" additional requirements to the Coronavirus Aid, Relief and Economic Security Act (CARES Act), specifically by requiring her to meet its requirement that she serve 50 percent of her sentence before it will consider her for transfer to home confinement. ECF No. 2 at 3, 6. She seeks an order compelling the BOP to process her under the CARES Act, irrespective of the length of time she has served. ECF No. 2 at 6 and ECF No. 2-1 at 9.

Respondent contends the petition should be dismissed because the Court does not have authority to require the BOP to place McGuire-Mollica on home confinement and she did not exhaust her administrative remedies before filing her petition.

II.  Discussion

Generally speaking, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). By statute, the BOP "shall designate the place of the prisoner's imprisonment," and may "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C.

§ 3621(b). "Notwithstanding any other provision of law," any such "designation" by the BOP "is not reviewable by any court." *Id*.

The BOP also has the authority to place a federal prisoner in prerelease custody, including home confinement. 18 U.S.C. § 3624(c)(2). In response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief and Economic Security Act (CARES Act). Under the CARES Act, the BOP was granted temporary expanded authority to place prisoners in home confinement. CARES Act, Pub. L. No. 116-136, § 120003(b)(2), 134 Stat. 281, 515 (2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."). "Neither § 3624(c)(2) nor the CARES Act provides the judiciary any authority to grant an inmate home confinement." *Sills v. FCI Talladega Warden*, No. 22-12656, 2023 WL 1775725, at *2 (11th Cir. Feb. 6, 2023) (citing 18 U.S.C. § 3624(c)(2); CARES Act, § 12003(b)(2)). The BOP's decisions regarding where prisoners are confined generally are not subject to judicial review. *See* 18 U.S.C. § 3621(b)

("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

According to the plain language of the CARES Act, the Director's expanded authority to place prisoners in home confinement expired at the end of the "covered emergency period." *See* Home Confinement Under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 87 Fed. Reg. 36787-01, 2022 WL 2192080 (June 21, 2022). The term "covered emergency period" refers to the period beginning on the date the President declared a national emergency with respect to COVID-19 and ending 30 days after the date on which the national emergency declaration terminates. *Id.* The President declared the COVID-19 pandemic to be a national emergency on March 13, 2020. *See* Proclamation No. 9994, 85 Fed. Reg. 15337 (March 13, 2020). On April 10, 2023, the President signed into law the termination of the national emergency relating to the COVID-19 pandemic. *See* National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). Accordingly, the CARES Act's expanded home confinement authority ended 30 days later, on May 11, 2023, after McGuire-Mollica filed her request for habeas relief. *See* CARES Act § 12003(a)(2).

McGuire-Mollica recognized the impending end of the CARES Act and asked the Court to consider her petition on an emergency basis. ECF No. 2-1 at 1, 10. She

asserts neither Congress nor then-Attorney General William Barr authorized the BOP to enact additional regulations to restrict the use of the CARES Act, and the BOP has usurped the authority of both in making its own rules. *Id.* at 5-6. McGuire-Mollica also claims she should be exempt from the exhaustion requirement. *Id.* at 7-8. As relief, McGuire-Mollica asks the Court to grant her motion and compel the BOP to "process her" for home confinement under the Act without any "arbitrary and capricious regulations." *Id.* at 9.

Given the expiration of the CARES Act's provisions for expanded home confinement, the Court must first consider whether McGuire-Mollica's challenge to the BOP's regulations regarding implementation of the CARES Act, and her request that she be placed on home confinement under the Act, continue to present a live case or controversy.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" ....' " *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (*quoting Murphy v. Hunt*, 455 U.S. 478 (1982)). If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Multiple courts that have considered the issue have determined because the covered emergency period has terminated, the BOP does not presently have authority to newly transfer inmates to home confinement under the CARES Act. *See Ahmed v. Otisville*, No. 23-CV-454 (PGG) (RWL), 2023 WL 9113089, *3 (S.D. N.Y Dec. 13, 2023); *Carr v. Warden*, No. SAG-23-966, 2023 WL 8650293, at *2 (Dec. 14, 2023). Therefore, requests for relief in various forms arising under the CARES Act have been found to be moot. *See, e.g., Ahmed*; *Carr*; *Clark v. Jamison*, No. 3:23-cv-455 (MPS), 2023 WL 7300582 (D. Conn. Nov. 6, 2023); *Perry v. Knight*, No. CV-23-1064 (RMB), 2023 WL 7280553 (D.N.J. Nov. 2, 2023); *Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 6200803 (M.D. Pa. Sept. 22, 2023).

The end-goal of McGuire-Mollica's request for relief is a Court order that will compel the BOP to consider her for home confinement under the CARES Act. ECF No. 2-1 at 9. But, as set forth above, the BOP no longer has authority to grant relief under that Act. Therefore, no order from this Court could result in the relief she ultimately seeks because the BOP no longer has authority to follow through with the relief requested. *See Cuney*, 2023 WL 6200803, at *2; *Carr*, 2023 WL 8650293, at *3. Instead, McGuire-Mollica's eligibility for home confinement is once again governed by 18 U.S.C. § 3624(c)(2), which provides in pertinent part:

> **Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement

> for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2). McGuire-Mollica will be eligible for home confinement pursuant to this statute six months before her projected release date.

Based on the forgoing, the Court finds her claim regarding the application of the CARES Act has been rendered moot by the expiration of the Act, and the petition should be dismissed.

Alternatively, if the petition is not moot, there are additional reasons for dismissal based on the Warden's arguments on failure to exhaust and lack of subject matter jurisdiction. ECF No. 11. First, McGuire-Mollica's contention that "the administrative remedy procedure is unavailable" ECF No. 2-1 at 7, is without merit and does not excuse her failure to exhaust. The affidavit of Megan G. Marlow, attorney advisor, attached to the Warden's Response, demonstrates McGuire-Mollica's failure to fully exhaust her administrative remedies. ECF No. 11-1. Second, with respect to subject matter jurisdiction, even if the CARES Act had not expired, as noted above, the Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement. *Sills*, 2023 WL 1775725, at *2 (citing 18 U.S.C. § 3624(c)(2); CARES Act, § 12003(b)(2)); *see also* 18 U.S.C.

§ 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). Thus, this Court does not have the authority to require the BOP to place McGuire-Mollica in home confinement as she requested.

McGuire-Mollica attempts to retreat from her request that she be processed for home confinement in her reply. ECF No. 13 at 2. She claims she did not ask the Court to "grant" her home confinement, but rather she only asks the Court to find the BOP has violated the separation of powers doctrine by adding additional rules and requirements to the CARES Act. *Id.* In essence, this is a request for declaratory relief which would not change the fact or duration of her imprisonment and is therefore not appropriate to raise in a § 2241 petition. *See Dickey v. Warden, FCI Marianna,* No. 5:22-cv-84-TKW-ZCB, 2022 WL 17969167 (N.D. Fla. Dec. 8, 2022) (declaratory relief unavailable under § 2241 if release or alteration of sentence would not follow*), report and recommendation adopted*, 2022 WL 17968838 (N.D. Fla. Dec. 27, 2022), *aff'd* No. 23-10337, 2023 WL 5014363 (11th Cir. 2023). Her retreat is tempered by her renewed request that the Court order the BOP to "process" her for home confinement, which is due to be denied as moot and not exhausted, as set forth herein. ECF No. 13 at 3.

Accordingly, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED.**

2. The clerk be directed to close the case file.

At Gainesville, Florida on February 6, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.